No. 3435.

(Court of Appeal, Parish of Orleans.)

## MRS. M. H. GERNON vs. GEORGE SOULE.

1. In demolishing the old and building the new party wall, the defendant exercised an absolute right conferred upon him by law, and he is not bound to indemnify his neighbor for any inconvenience or injury necessarily resulting from the proper exercise of that right.
2. It is neither alleged nor proved that the time occupied in the work was unnecessarily long.
3. The issues of fact herein are resolved in favor of defendant.
4. No objection as to amount was made when the money tendered was witndrawn, and its insufficiency is not clearly pointed out here. At all events, under the circumstances, the defendant would be protected by the doctrines of waiver and de minimis non curat lex should there be a slight insufficiency.

Appeal from Civil District Court, Division D.

W. S. Benedict, for Plaintiff and Appellant.

Richardson & Soule, for Defendant and Appellee.

DUFOUR, J. The plaintiff sues for damages to her property by the owner of the adjoining property, the defendant herein, in the demolition of an old and the erection of a new building by the latter.

The items of damage are as follows :

| | |
|---|---|
| 1—Demolishing and rebuilding cisterns and cistern foundations which were condemned by the city authorities....$ | 65 00 |
| 2—Loss sustained by reduction of rent | 50 00 |
| 3—Repaving yard | 30 00 |
| 4—Plastering room | 13 75 |
| 5—Papering room | 21 00 |
| 6—Painting | 5 00 |
| 7—Repairing and cleaning roof | 12 00 |
| 8—Broken window lights | 60 |
| | $197 35 |

Items 4, 5, 6 and 8, not disputed by defendant who also admits

185

as due $3 for roof cleaning on item 7 and $20 on item 3, these aggregate $63.35 which amount with costs and interest amounting to $8.10, was tendered in open Court and placed in its registry.

The plaintiff withdrew the tender, and after a motion to dismiss the suit as to the balance had been rejected but a new trial thereon had been granted, the plaintiff without awaiting the result voluntarily returned the money to the registry.

There was judgment against the defendant for the amount tendered and the costs of suit subsequent to date of tender were cast upon the plaintiff who has appealed.

As to the items in dispute, we shall briefly state our conclusions of fact without detailed reference to the testimony.

As to item 7, there is no proof in the record that defendant's workmen broke slates; this appears to be an inference, a surmise of plaintiff's; three dollars were sufficient for cleaning the roof.

As to item 3, it is clear that the repaving was made necessary only in part by the work, the pavement was old, worn and broken and the party who did the repaving refused to do it unless it was a job for the whole, defendant's contribution of $20 as his share was ample.

As to item 1, the cisterns are shown to have been out of plumb and unsteady and to have been condemned by the city authorities before any digging around them was done; the cistern ring which was left standing after the cisterns were taken down was old and worthless.

Defendant was not under any obligation to pay for its reconstruction.

As to item 2, there can be no recovery; the law as to party walls in a case of this kind is well stated in Levy vs. Fenner, 48 An. 1389 in the following language :

"In demolishing the old and building the new party wall, under the conditions fully proved in this case, the plaintiff exercised an absolute right conferred upon him by the law. Under the maxim, 'Neminem laedit qui jure suo utitur,' they were not bound to indemnify their neighbor for any inconvenience or injury necessarily occasioned by the exercise of the right. Such a work must necessarily incommode the neighbor. It cannot be prosecuted without any entry upon and partial occupation of his premises. It must disturb his enjoyment and that of his tenants. It may give ground for the anulment of his leases or for a diminution of rents. It may prevent the renting of his property. It may injure him in many ways. But so long and insofar as these injuries are inseparable from the exercise of the right, the neighbor is bound to submit to them and can claim no indemnity therefor."

Heins vs. Merrick, 41 An. 208 does not avail plaintiff, as it is

186

neither alleged nor proved here that the time occupied in demolishing and rebuilding was unnecessarily long.

It does not appear that any objection as to amount was made when the money tendered was withdrawn, and the insufficiency of the tender is not shown here. Under the circumstances, waiver and the doctrine de minimis non curat lex would protect defendant should there be a slight insufficiency.